## KNOX v. CAMPBELL et al.

### No. 13573.

Court of Civil Appeals of Texas. Dallas.

Oct. 13, 1933.

W. C. Holcombe and H. M. Harrington, Jr., both of Longview, for appellant.

J. N. Townsend, of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from an order of the district court of Dallas County overruling appellant's plea of privilege. The suit involves a promissory note alleged payable in Dallas County, and to have been executed and delivered by appellant. The note is fully described in the suit, and judgment is sought for its face value with interest and attorney's fees as provided therein. In due form appellant interposed his plea of privilege to be sued in Gregg County, Texas, and under oath specially denied the execution of the note in suit. On trial the court overruled the plea and accordingly entered judgment.

Appellant raises two points for reversal of the order of the trial court: First, that plaintiff's cause of action is one primarily to establish the note alleged to have been lost by parol secondary evidence; hence the suit is not upon a written instrument within the purview of Subd. 5 of the venue statute, Art. 1995, R.S. Vernon's Ann.Civ. St. art. 1995, subd. 5; and, second, that the evidence offered by appellees wholly failed to establish prima facie the note's execution by appellant. We think the points of error are not well taken.

The primary purpose of the suit is to recover on the note alleged to have been executed by appellant; and, to establish its terms and conditions, appellees were obliged to account for its absence— lost, misplaced or destroyed—to offer secondary evidence of its contents. The fact that a written instrument on which suit is based is lost, and secondary evidence is necessary to establish its contents, does not make the suit one in parol. It nevertheless is one on a written contract. Appellant did not challenge by pleadings or proof the fact that the note was lost; hence the unchallenged predicate was laid for the introduction of secondary evidence

to establish the basis of appellee's suit. The filing of the plea of non est factum by appellant effectively placed the burden of proof upon appellees, not only to prove the terms and conditions of the written instrument, but also its execution by appellant. These were issues of fact necessary to be established on hearing of the plea of privilege, as will be on trial of the case on the merits.

On the issue raised by the plea of non est factum appellees offered several witnesses who testified that, from their long acquaintance with the appellant and his signature, they knew his signature, and that the signature on the note in suit was that of the appellant. They were not offered as experts on handwriting, nor did appellees hinge their testimony on doubtful conclusions. These witnesses were positive in their testimony. Indeed, appellant testified that he did not execute the note, but the court, on such controverting evidence, determined the issue. Thus we are not at liberty to say that the trial court was wrong in his conclusion.

The judgment of the court below is affirmed.

Affirmed.